UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN TORO,

    Petitioner,

v.                                                                                     CASE NO. 6:12-cv-573-Orl-37GJK

SECRETARY, DEPARTMENT
OF CORRECTIONS, et al.,

    Respondents.

_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 2). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 15). Petitioner then filed a reply (Doc. No. 20) to the response, as well as supporting affidavits (Doc. Nos. 21 and 23).

## I.   *Procedural History*

Petitioner was charged by information with eight counts of sexual battery (counts one through eight) and twenty-nine counts of sexual activity with a child (counts nine through thirty-seven). A jury trial was held, and Petitioner was found not

guilty as to counts one through four, guilty as to the lesser included offense of battery in count five, and guilty as to counts six through thirty-seven. On April 30, 1993, the trial court adjudicated Petitioner guilty of the crimes, and he was sentenced as follows: life imprisonment as to each of counts six through eight, with the sentences to run concurrently; imprisonment for a term of thirty years as to each of counts nine through thirty-seven, with the sentences to run concurrently to each other and to the sentences in counts six through eight; and to time-served as to count five.

Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed in an opinion issued on September 2, 1994. *See Toro v. State*, 642 So. 2d 78 (Fla. 5th DCA 1994).

On August 29, 1996, Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850 with the state trial court,[1] which was denied on September 26, 1996. The state appellate court affirmed the denial *per curiam* on January 14, 1997. Mandate was issued on March 17, 1997.

On January 12, 1998, Petitioner filed a petition for writ of habeas corpus with the state appellate court, which was denied on February 9, 1998.

On June 19, 1999, Petitioner filed a petition for writ of habeas corpus with the Supreme Court of Florida, which was denied on June 25, 1999.

---

[1]References to the filing date of pleadings by Petitioner *pro se* shall be the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

2

On March 20, 2002, Petitioner filed a second Rule 3.850 motion with the state trial court, which was denied by order dated February 19, 2003. The state appellate court affirmed the denial in a written opinion on November 7, 2003. *See Toro v. State*, 862 So. 2d 68 (Fla. 5th DCA 2003). Mandate was issued on January 28, 2004.

On August 7, 2004, Petitioner filed a third Rule 3.850 motion with the state trial court, which was denied on August 3, 2005. The state appellate court affirmed *per curiam* on October 25, 2005. Mandate was issued on January 9, 2006.

On November 30, 2005, Petitioner filed a motion to correct illegal sentence pursuant to Florida Rule of Criminal Procedure 3.800 with the state trial court, which was granted on June 6, 2006, such that Petitioner's sentences on counts six, seven, and eight were corrected to reflect the mandatory minimum sentence of twenty-five years to be served before becoming eligible for parole. Petitioner appealed the order, but he subsequently voluntarily dismissed the appeal on August 15, 2006.

On August 7, 2006, Petitioner filed a second 3.800 motion, which was denied on August 17, 2006. Petitioner did not appeal the denial.

On March 29, 2007, Petitioner filed a petition for writ of habeas corpus with the Florida Supreme Court, which was denied on May 18, 2007.

On August 13, 2007, Petitioner filed his third Rule 3.800 motion, which was denied on August 23, 2007. The state appellate court affirmed *per curiam* on December 26, 2007. Mandate was issued on January 15, 2008.

On January 29, 2009, Petitioner filed his fourth Rule 3.800 motion, which was denied on February 12, 2009. The state appellate court affirmed *per curiam* on August 4, 2009. Mandate was issued on August 26, 2009.

## II.   *Petitioner's Habeas Corpus Petition Is Untimely*

Pursuant to 28 U.S.C. § 2244,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A)   the date on which the judgment of conviction became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
> >
> > (C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Section 2244(d)(1) went into effect on April 24, 1996. Thus, a prisoner, like Petitioner, whose conviction became final prior to April 24, 1996, had until April 23, 1997, absent any tolling, to file a federal habeas petition regarding such conviction. *Wilcox v. Florida Department of Corrections*, 158 F.3d 1209, 1211 (11th Cir. 1998) (petitioners whose convictions become final before the enactment of the AEDPA must be provided a reasonable time to file their section 2254 petitions, and one year from the effective date is a reasonable period). Petitioner's federal habeas petition was filed on April 13, 2012, under the mailbox rule.

Pursuant to section 2244(d)(2), the one year period is "tolled" for the time during which a *properly filed* state postconviction or collateral proceeding is pending. The one-year time period ran for a total of 127 days until Petitioner filed his first Rule 3.850 motion on August 29, 1996. The one-year period was tolled until March 17, 1997. The one-year period of limitation expired 238 days later on November 10, 1997. Petitioner's other postconviction motions did not toll the statute of limitations because they were filed after the one-year period expired on November 10, 1997. *See Sibley v. Culliver*, 377 F.3d 1196, 1204 (11th Cir. 2004) (concluding "[a] state court filing after the federal habeas filing deadline does not revive it"). Thus, the instant petition is untimely.

Petitioner argues that equitable tolling applies in his case based on actual innocence. *See* Doc. No. 1 at 4. Petitioner essentially attacks the evidence that was presented by the State at trial and alleges shortcomings in his trial counsel's performance.

A court may consider an untimely petition if refusing to consider the merits of the petition "would endorse a 'fundamental miscarriage of justice' because it would require that an individual who is actually innocent remain imprisoned." *San Martin v. McNeill*, 633 F.3d 1257, 1267–68 (11th Cir. 2011) (quoting *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001)). The actual innocence exception to the statute of limitations is "extremely narrow in scope." *Id*. at 1268.

To meet this exception, a petitioner must show, based on reliable evidence not presented at trial, that no reasonable juror would have convicted him of the offense. *Johnson*, 256 F.3d at 1171. Petitioner must "produce new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *See Scott v. Duffy*, 372 F. App'x 61, 64 (11th Cir. 2010) (quotation omitted) (citation omitted). Petitioner has made no such showing. He has not submitted any affidavits of witnesses or other scientific evidence establishing or tending to establish his innocence. Instead, he merely argues that there was insufficient evidence supporting the convictions, that trial counsel acted deficiently, and that the trial court committed certain errors during the trial. Petitioner has presented nothing to indicate the existence of evidence to show that no reasonable juror would have convicted him. In the absence of such evidence, the Court cannot entertain his untimely petition. Consequently, Petitioner cannot invoke "actual innocence" as a gateway through which to obtain consideration of his untimely petition.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant petition within the one-year period of limitation and that are not specifically address herein have been found to be without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Edwin Toro (Doc. No. 2) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a

constitutional right.[3]  Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 4th day of June, 2013.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-2 6/4
Edwin Toro
Counsel of Record

---

[3]Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.  Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue.  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2).  If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.  A motion to reconsider a denial does not extend the time to appeal.